# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Timothy J. Stevens,

    Plaintiff,

v.                                             Case No. 1:16cv977

Commissioner of Social Security                 Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's December 1, 2017, Report and Recommendation ("Report"), which recommends that the decision of the Defendant Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 16).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) (Doc. 16, PageID 513). Plaintiff Stevens timely filed objections to the Report on December 15, 2017. (Doc. 17). The Defendant Commissioner responded only to the extent that Plaintiff failed to raise any novel objections. (Doc. 18). This matter is now ripe for review.

**I.**     **BACKGROUND**

In February of 2013, Plaintiff Stevens filed for Supplemental Security Income ("SSI") alleging disabilities, which included a back injury and diabetes. (Doc. 16, PageID 490). In the resulting proceedings, only two sources opined on Plaintiff Steven's ability to partake in general work-activities with or without limitation: (1) the state's non-examining physician, Dr. Syd Foster, D.O., and (2) the Plaintiff's nurse practitioner, Barbara Faber. (Doc. 16, PageID

1

498). Both of these individuals relied on MRI results from 2013 showing signs of mild generative disc disease as well as a mild foraminal stenosis at L5-S1. (Doc. 16, Page ID 498-99). Based on this MRI and other medical records pre-dating his November 4, 2013 review, Dr. Foster only recommended that Plaintiff be restricted from "climbing/ropes/scaffolds and to avoid concentrated exposure to machinery, heights, and other hazards." (*Id.*).

Nurse Faber began treating the Plaintiff in October of 2012, and typically saw him every three to six months. (Doc. 16, PageID 498-99). On August 11, 2014, Nurse Faber issued her opinion diagnosing the Plaintiff with chronic back pain and lumbar spondylosis with bilateral lower extremity radiculitis. (*Id.*). Unlike Dr. Foster, Nurse Faber recommended substantial work-limitations, including unscheduled 20-minute breaks every hour, absences from work at least four days each month, and many other physical work-restrictions. (*Id.*). She also believed that Plaintiff's impairments would mentally interfere with the Plaintiff's ability to concentrate and complete his work. (*Id.*).

The ALJ considered the records and ailments that arose during the gap in time following Dr. Foster's review; however, he found that the objective evidence—specifically, the 2013 MRI results—did not support the severe limitations posited by Nurse Faber. (Doc. 16, PageID 501-03). Ultimately, the ALJ gave more weight to the diagnoses and recommendations made by Dr. Foster, and denied Plaintiff's SSI application. (Doc. 16, PageID 490).

Plaintiff Stevens maintains that the Magistrate Judge's Report was in error for the following reasons: (1) the ALJ erroneously gave "great weight" to the non-examining state agency physician, (2) the ALJ's credibility determination was in error, and (3) the ALJ failed

to address all of the medical opinions and evidence in the record when reaching his decision.

In light of the Plaintiff's objections, it is prudent to reiterate that district court review of objections to a report and recommendation should not be duplicative. *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991). "Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge**."** *Renchen v. Comm'r of Soc. Sec.*, 2015 U.S. Dist. LEXIS 29910 at *3-4 (S.D. Ohio Mar. 11, 2015) (citing *Howard*, 932 F.2d at 508-09).

## II. **LEGAL STANDARDS**

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Following this review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## III. **ANALYSIS**

### a. **The ALJ gave appropriate weight to the non-examining physician.**

Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err in giving "great weight" to the assessment of the non-examining state physician, Dr. Foster. (Doc. 17, PageID 515). Plaintiff offers no new information or arguments, and erroneously relies upon 20 C.F.R. § 404.1527(c)(1) as demanding relief.

3

The ALJ was responsible for resolving the conflicting medical opinions offered by the Dr. Foster and Nurse Faber. *See Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 859 (6th Cir. 2011). An ALJ is only required to give controlling weight under the "treating physician rule." 20 C.F.R. § 404.1527(c)(2). In an exhaustive discussion, the Magistrate Judge described why this rule was inapplicable, as well as why the allegedly incomplete case record was not fatal to the ALJ's findings. (Doc. 16, PageID 494-503). The ALJ did scrutinize Dr. Foster's opinion because of the gap of time following his assessment, and the ALJ considered the records that post-dated Dr. Foster's review. *See Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 632 (6th Cir. 2016). At the same time, the objective medical evidence did not comport with the severe diagnoses offered by Nurse Faber, whom the Plaintiff admits was "not 'an acceptable medical source.'" (Doc. 17, PageID 516).

Therefore, the Magistrate Judge did not err in concluding that the ALJ properly weighed the opinions of Dr. Foster and Nurse Faber. Plaintiff's objection is **OVERRULED**.

### b.  The ALJ did not err in his credibility determination.

Plaintiff also disagrees with the Magistrate Judge's finding that the ALJ did not err in his credibility determination of Plaintiff Stevens. (Doc. 17, PageID 516). Since the ALJ is in the best position to observe a witness and decide issues of credibility, an ALJ's credibility determination is "accorded great weight and deference." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012). In addition to the reasons listed in Plaintiff's objection (Doc. 17, PageID 516-17), the ALJ identified several other relevant factors that negatively affected the credibility finding:

(1) "the lack of objective evidence and examination findings to support the extreme restrictions alleged by the plaintiff and functional limitations assessed based on his subjective complaints;"
(2) "plaintiff had traveled from Wisconsin . . . to Cincinnati for vacation in July 2013, which suggested he may have overstated his symptoms and limitations;"
(3) "plaintiff's criminal conviction for fraud, a crime of moral turpitude;"
(4) "plaintiff's poor work history, which was sporadic prior to the alleged disability."

(Doc. 16, PageID 505-06). The Magistrate Judge properly accounted for *all* of the factors considered by the ALJ, which support the credibility finding. Therefore, Plaintiff's objection is **OVERRULED**.

### c. The ALJ considered the relevant evidence in the record.

Again, the Plaintiff alleges that the ALJ did not comply with SSR 96-8p when he purportedly failed to consider all of the medical evidence in the record. (Doc. 17, PageID 517-18). The Magistrate Judge previously addressed and thoroughly discussed this issue in the Report. (Doc. 16, PageID 506-12).

The Plaintiff correctly notes that the ALJ must consider "*all* relevant evidence," including non-severe impairments. SSR 96-8p; *see also* 20 C.F.R. § 416-945(a)(3) . However, "the ALJ need not expressly mention every piece of evidence so long as the overall decision was supported by substantial evidence." *Noto v. Comm'r of Soc. Sec.*, 632 F. App'x 243, 250 (6th Cir. 2015) (citing *Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)). The records mentioned by the Plaintiff do not conflict with the ALJ's Residual Functional Capacity ("RFC") finding. As the Magistrate Judge noted, none of this additional evidence considered by the ALJ would necessitate greater limitations than those already imposed on the RFC. (Doc. 16, PageID 510-12). Therefore, Plaintiff's final objection is **OVERRULED**.

## IV. **CONCLUSION**

Consistent with the foregoing, Plaintiff's Objections (Doc. 17) are **OVERRULED** and the Report (Doc. 16) is **ADOPTED** in its entirety. Accordingly, the decision of the Commission is **AFFIRMED** and this matter shall be **CLOSED** and **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

                                            *s/ Michael R. Barrett*
                                            UNITED STATES DISTRICT JUDGE